UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/7/2022
```

KYLE SENEAR,

                     Plaintiff,

-against-

C.O. MININNI; C.O. BROGAN; C.O. JOHN DOE,

                     Defendants.

21-CV-11131 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

      Plaintiff brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants failed to protect him from another inmate's assault while he was incarcerated at Green Haven Correctional Facility.  Plaintiff is currently incarcerated at Mid-State Correctional Facility.

      By order dated January 7, 2022, Chief Judge Laura Taylor Swain granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]  As set forth below, the Court (1) orders service on Defendants Officers Mininni and Brogran, and (2) directs the Attorney General of the State of New York to identify the John Doe defendant.

## DISCUSSION

**A.**    **Service on Officers Mininni and Brogan**

      Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).  Although Rule 4(m) of the Federal Rules of

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(b)(1).

Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Mininni and Brogan through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.     John Doe Defendant**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the New York State Department of Corrections and Community Supervision (DOCCS) to identify the John Doe officer named in the complaint. It is therefore ordered that the New York State Attorney General, who is the attorney for and agent of DOCCS,

must ascertain the identity and badge number of the John Doe whom Plaintiff seeks to sue here and the address where the defendant may be served.  The Attorney General must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendant.  The amended complaint will replace, not supplement, the original complaint.  An amended complaint form that Plaintiff should complete is attached to this order.  Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John Doe Defendant and deliver all documents necessary to effect service to the U.S. Marshals Service.

C.     **Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[2]

## CONCLUSION

The Clerk of Court is instructed to complete the USM-285 forms with the addresses for Mininni and Brogan and deliver all documents necessary to effect service to the U.S. Marshals Service.

---

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

The Clerk of Court is directed to mail a copy of this order and the complaint to the New York State Attorney General at: 28 Liberty Street, New York, NY 10005.

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.  An amended complaint form is attached.

SO ORDERED.

Dated:   January 7, 2022
         White Plains, New York

                                            NELSON S. ROMÁN
                                           United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Correction Officer Mininni
   Green Haven Correctional Facility
   594 Rt. 216
   Stormville, NY 12582-0010

2. Correction Officer Brogan
   Green Haven Correctional Facility
   594 Rt. 216
   Stormville, NY 12582-0010